UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WARHORSE OIL & GAS, L.L.C.

VERSUS

MISSOURI IMPROVEMENT COMPANY,
ET AL

CIVIL ACTION

NUMBER 15-647-BAJ-SCR

### ORDER REGARDING CONDUCTING LIMITED DISCOVERY

In their Opposition to Plaintiff's Motion for Expedited Consideration of Motion to Remand the defendants argued that they should be allowed to depose Taylor Mitchell and Steven Kent, II, persons who submitted affidavits in support of the plaintiff's Motion to Remand. Plaintiff acknowledged in their Reply Memorandum in Support of Motion for Expedited Consideration of Motion to Remand that the court has discretion to allow limited jurisdictional discovery but argued that the defendants' request is a just a delaying tactic and should denied.[1]

The Mitchell and Kent affidavits are substantially the same. Each asserts that he is "personally familiar with the owners, employees and equipment of B.A.S. Properties, L.L.C." and has "personally witnessed B.A.S. Properties and/or its representatives, employees and/or officers performing work in the development and/or construction associated with the Livonia SIT Yard ..." Neither affiant explains how he has personal knowledge B.A.S. Properties' owners, employees and equipment. Neither affiant identifies any

---

[1] Record document number 14, pp. 4-5.

particular person, be he an owner, employee or representative, who performed work on the Livonia SIT Yard site.  Neither affiant explains how he has personal knowledge that equipment purportedly used to perform work on the Livonia SIT Yard site belongs to B.A.S. Properties.  Personal observation may suffice to support a statement that work is being done and equipment is being used on the Livonia SIT Yard site.  But without some factual basis for stating how the affiant know the persons are working for B.A.S. Properties and the equipment is owned by B.A.S. Properties, such statements are just unsupported speculation.  The court is not required to consider unsupported speculation when determining whether a party was improperly joined.

Whether B.A.S. Properties is or is not doing work on the Livonia SIT Yard is a factual issue.  Depositions of Mitchell and Kent are likely to confirm whether there is any factual basis for the plaintiff's allegation, made only "[o]n information and belief," that B.A.S. Properties "is supplying dirt, clearing land, operating heavy equipment and removing debris and or other materials to the construction site at the request of [defendants] ..."[2]  These two depositions would not lead the court into conducting a mini-trial on the merits of the plaintiff's claims against the other defendants.  The depositions would focus on the

---

[2] Record document number 1-2, Petition for Preliminary and Permanent Injunction, ¶ 19.  This allegation does not have to be accepted as an allegation of fact: plaintiff failed to alleged the "information," i.e., the actual facts, it relied upon to support its belief.

2

knowledge Mitchell and Kent have regarding activities, if any, B.A.S. Properties has performed on the Livonia SIT Yard site.

Therefore;

IT IS ORDERED that the defendants shall have until October 30, 2015 to depose Taylor Mitchell and Steven Kent, II, limited to the statements they made in their supporting affidavits, and the factual basis for their statements. If the parties are unable to promptly agree on the date(s) for these depositions, they should contact the court and the court will set the date(s).

IT IS FURTHER ORDERED that the parties shall have until November 13, 2015, or 14 days after the depositions are completed, which ever is earlier, to file supplemental supporting or opposing memoranda (limited to 10 pages) addressing whether defendant B.A.S. Properties, L.L.C. was improperly joined.

Baton Rouge, Louisiana, October 8, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE